```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| PREFERRED AUTOMOTIVE SALES, INC., | ) <br> ) <br> ) Civil Action No. 5:08-345-JMH |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| DCFS USA, LLC, d/b/a MERCEDES- BENZ FINANCIAL f/k/a MERCEDES- BENZ CREDIT CORP., et al., | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

\*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on the Motions to Dismiss filed by Defendant Manheim Services Corporation, Inc. (hereinafter, "MSC") [Record No. 3], and Defendant DCFS USA, LLC (hereinafter, "DCFS") [Record No. 13]. Plaintiff Preferred Automotive Sales, Inc. (hereinafter, "Preferred"), has filed Responses in opposition to MSC's Motion [Record No. 6] and DCFS' Motion [Record No. 18], and both MSC and DCFS have filed Replies, in further support of their respective Motions to Dismiss [Record No. 8, 23.] Accordingly, these motions are now ripe for decision.

**I.   BACKGROUND**

On or about January 29, 2005, Plaintiff Preferred, a used car dealer, sold a 1998 Mercedes-Benz SLK automobile to Charles C. Allen. On September 7, 2005, Allen filed suit against Preferred in

Jefferson Circuit Court, asserting claims for negligence, unjust enrichment, breach of contract, intentional fraud, and willful violations of the Kentucky Consumer Protection Act, alleging that Preferred knowingly failed to disclose certain defects in the vehicle at the time of the sale.[1]  In February 2007, Allen voluntarily dismissed all claims against Preferred except those claims for fraud and for violation of the Consumer Protection Act.

On May 8, 2007, Preferred filed a third party complaint against MSC in the suit pending in Jefferson Circuit Court, alleging that because of certain acts and omissions arising out of the purchase of the Mercedes through an MSC-owned auction, MSC was liable to Preferred under a theory of common law indemnity for any liability that Preferred might have for Allen's injuries.  In that Amended Third Party Complaint, Preferred alleged that it had purchased the Mercedes through an internet simulcast conducted by MSC and that, at that time, MSC failed to inform Preferred of any defects in the automobile.  Preferred alleged that it sent the

---

[1] When considering a motion to dismiss, a court may consider not only the allegations in the complaint but also exhibits to the complaint, matters of public record, as well as documents attached to the defendant's motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claims. *Bassett v. Nat'l College Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  Because Preferred referenced the Jefferson Circuit Court proceeding in its Complaint as the basis for its damages it seeks to recover from MSC and DCFS and because the pleadings and papers filed in that action are matters of public record, the Court may consider those materials with regard to Defendants' Motions to Dismiss under Fed. R. Civ. P. 12(b)(6).  *Id.*

Mercedes back to MSC for repair subsequent to purchasing it and that, when MSC returned the car to Preferred, MSC informed Preferred that there was nothing wrong with the car. Preferred also alleged that MSC failed to provide Preferred with any documentation reflecting the condition of the vehicle and that, had Preferred known the entire history of the automobile, it would have acted differently. Preferred theorized that, but for MSC's actions, Preferred would not have faced liability to Allen. The Amended Third Party Complaint sought judgment against MSC "by way of contribution/indemnification in an amount equal to all sums, if any, recovered by the Plaintiff, Charles Allen from the Defendant/Third Party Plaintiff, Preferred Automotive Sales, Inc."

On March 14, 2008, MSC sought summary judgment in its favor on Preferred's third party claim, arguing that Preferred could not seek common law indemnity or contribution from MSC as a matter of law for intentional or grossly negligent acts like those alleged in Allen's Amended Third Party Complaint. The Jefferson Circuit Court initially denied summary judgment on April 22, 2008, but, on April 24, 2008, MSC filed a motion to reconsider the ruling, citing an error of law in the Jefferson Circuit Court's ruling. On May 6, 2008, the Jefferson Circuit Court granted MSC's motion to reconsider and granted summary judgment in favor of MSC on the grounds that common law indemnity was unavailable to Preferred under Kentucky law.

-3-

Allen's case against Preferred continued, and, on May 16, 2008, a jury found in Allen's favor as to the fraud and Consumer Protection Act claims against Preferred, awarding Allen $166,114.35 in compensatory and punitive damages.  In order to reach that conclusion, the jury had been instructed that it was to find for Charles Allen if it determined "by clear and convincing evidence that [Preferred] made an intentional misrepresentation, deceit or concealment of a material fact . . . that was known to [Preferred] . . . ."  The jury had also been instructed that it could award punitive damages to Allen if it was "further satisfied from the evidence that [Preferred] acted with fraud," which was defined as "an intentional misrepresentation, deceit or concealment of a material fact known to [Preferred] and made with the intention of causing injury to Charles Allen."

Preferred then sought a new trial, arguing in its motion that "[t]he trial court erred in dismissing [MSC] from the trial of this action."  The Jefferson Circuit Court denied the motion on November 13, 2008.

On November 12, 2008, MSC was served with the Complaint in the matter now before the Court.  Preferred again set forth a factual transaction as described in the state court filings, alleging that Preferred purchased the Mercedes through an internet simulcast conducted by MSC, MSC failed to inform Preferred of any defects in the Mercedes, Preferred requested that a post-sale inspection of

-4-

the MSC be undertaken by MSC, MSC did not inform Preferred of any defects in the Mercedes at the time of the post-sale inspection, the Mercedes was subsequently sent back to MSC for repair, MSC returned the Mercedes to Preferred, stating there was no major damage to the car, MSC failed to provide Preferred with documentation for the vehicle, and had Preferred known the entire vehicle history for the Mercedes, it would have acted differently, not purchasing the car which was eventually sold to Allen.

In the present suit, Preferred seeks to recover damages from MSC and DCFS to indemnify it for its liability to Allen by virtue of claims for breach of contract, negligence, and fraud. MSC argues that Plaintiff is precluded from bringing its claims against MSC because Plaintiff did not raise them before the Jefferson County Circuit Court in *Charles Allen v. Preferred Automotive Sales, Inc.*, Civil Action No. 05-CI-007638. DCFS argues that Preferred's claims of fraud and breach of contract against it are barred by the doctrine of collateral estoppel. For the reasons stated below, the Court agrees.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004)

(quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541-42 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc*., No. 06-141-HRW, 2007 WL 2903231, *2 (E.D.Ky. Sept. 27, 2007).

### III. DISCUSSION

#### A. RES JUDICATA

The doctrine of *res judicata* or claim preclusion provides that a final judgment on the merits of an action precludes parties from relitigating issues that were or could have been raised in a prior action. *Kane v. Magna Mixer*, 71 F.3d 555, 560 (6th Cir. 1995). Preferred had an obligation in Jefferson Circuit Court to bring any and all claims it had against MSC arising out of the sale, inspection, damage "arbitration," and resale of the Mercedes, but it chose to sue MSC only for common law indemnity. Preferred now, impermissibly, seeks to have a second opportunity to seek damages from MSC under the guise of "new" legal theories before this Court.

In the Commonwealth of Kentucky, claim preclusion applies where there is an identity of the parties, an identity of the causes of action, and a resolution of the prior action on the merits.[2] *Yeoman v. Ky.*, 983 S.W.2d 459, 465 (Ky. 1998).  There is clearly an identity of the parties – Preferred and MSC – in the actions before the Jefferson Circuit Court and this Court.  Further, the Jefferson Circuit Court action between the parties was resolved on its merits, by a grant of summary judgment in favor of MSC on Preferred's claim of common law indemnity.

Finally, there is an identity of action.  In Kentucky, courts "follow the Restatement's transactional approach to analyze the identity of causes of action." *Smith v. Bob Smith Chevrolet, Inc.*, 275 F.Supp. 2d 808, 813 (W.D. Ky. 2003) (citing *Harris v. Ashley*, 165 F.3d 27, 1998 WL 681219 (6th Cir. 1998)).  This approach "looks beyond the legal theories asserted to see if the two claims stem from the same underlying circumstances." *Id.*  Analyzing the identity of claims "requires the Court to look at a 'claim' in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories or variant forms of relief flowing from these theories, that may be available to the plaintiff.'" *Id.* (quoting *Dennis v. Fiscal Court of Bullitt*

---

[2] Further, the Full Faith and Credit Act, 18 U.S.C. § 1738, requires "federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."

-7-

*County*, 784 S.W.2d 608, 610 (Ky. Ct. App. 1990)).  In other words:

> A cause of action is "a group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person."  Further, a new cause of action is "a claim not arising out of or relating to the conduct occurrence, or transaction contained in the original pleading."[3]

*Conner v. Patton*, No. 2007-CA-575, 2008 WL 162875 at *3 (Ky. Ct. App., Jan. 18, 2008), quoting Black's Law Dictionary 214 (7th ed. 1999) (emphasis in original omitted).

Further, "the plea of *res judicata* applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties,

---

[3] The sole exceptions to this prohibition on claim splitting occur where the claims asserted in the subsequent litigation had not yet ripened at the time of the prior litigation or the claims are "not germane to, implied in, or essentially connected with each other, even if they might have been brought together."  *Smith v. Bob Smith Chevrolet, Inc.*, 275 F.Supp. 2d 808, 814 (W.D. Ky. 2003), quoting *Watts v. K, S & H*, 957 S.W.2d 233, 236 (Ky. 1997). Plaintiff takes the position that the damages claimed in the present action were not incurred until a judgment was obtained by Charles Allen in the Jefferson Circuit Court and, thus, they were not ripe until that judgment was obtained against Preferred in the Jefferson Circuit Court.
  This Court disagrees.  Ky. CR 14.01 permits defendants to "assert [claims] against a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."  In other words, Kentucky law expressly contemplates that even potential third party claims based on the liability of a defendant to a plaintiff may be brought as part of one state court proceeding.  *See, e.g., Jackson & Church Div., Yorkshipley, Inc. v. Miller*, 414 S.W.2d 893, 894 (Ky. 1967).

exercising reasonable diligence, might have brought forward at the time." *Newman v. Newman*, 451 S.W.2d 417, 419 (Ky. 1970) (quoting *Combs v. Prestonsburg Water Co.*, 84 S.W.2d 15, 18 (Ky. 1935)); see *Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311 (11th Cir. 1992) (plaintiff precluded from pursuing second indemnity action once first resolved on the merits, even though using different legal theories, because two civil actions were based on same nucleus of operative fact).

In this instance, Preferred's breach of contract, negligence, and fraud claims now averred against MSC were ripe when it filed its August 23, 2007, Amended Third Party Complaint in Jefferson Circuit Court, as the claims arise out of a series of actions which occurred between April 28, 2004, and January 29, 2005. Further, Preferred's claim for common law indemnity raised before the Jefferson County Circuit Court is "germane to, implied in, or essentially connected with" its present claims raised in this Court for breach of contract, negligence, and fraud. The basic legal theory for each of the claims is the same: MSC had a duty to accurately and completely inform Preferred of defects in the Mercedes, MSC breached that duty, misrepresenting the condition of the vehicle, and, as a result, damages occurred for which MSC is responsible. In other words, Preferred could have raised the claims averred before this Court at the same time as its claim for common law indemnity before the Jefferson Circuit Court, but it

chose not to do so. These claims are now precluded by the doctrine of res judicata and shall be dismissed.

### B. COLLATERAL ESTOPPEL

Defendant DCFS asks the Court to dismiss Plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, DCFS argues that the claims of fraud and breach of contract are barred under the doctrine of collateral estoppel.[4]

The doctrine of "collateral estoppel, otherwise known as issue preclusion, 'refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.'" *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1046 (6th Cir. 2001), quoting *Barnes v. McDowell,* 848 F.2d 725, 728 n.5 (6th Cir. 1988). "Federal courts sitting in diversity 'must give to a state-court judgment the same preclusive effect as would be given to that judgment under the law of the State in which the judgment was rendered.'" *Evans v. Pearson Enters, Inc.*, 434 F.3d 839, 849 (6th Cir. 2006), quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

Kentucky courts permit parties to plead non-mutual collateral

---

[4] DCFS also argues that Preferred cannot demonstrate fraud as it has not alleged that it relied on any of DCFS's alleged representations regarding the automobile's condition, but rather on a post-sale inspection separately conducted by Defendant MSC. As Preferred is collaterally estopped from bringing a claim, for the reasons set forth above, the Court need not reach this issue.

estoppel, such that even a person:

> . . . who was not a party to the former action nor in privity with such a party may assert res judicata against a party to that action, so as to preclude the relitigation of an issue determined in the prior action. The rule contemplates that the court in which the plea of res judicata is asserted shall inquire whether the judgment in the former action was in fact rendered under such conditions that the party against whom res judicata is pleaded had a realistically full and fair opportunity to present his case.

*Sedley v. City of West Buechel*, 461 S.W.2d 556, 559 (Ky. 1970). Accordingly, even though DCFS was not a party to the Jefferson County case between Allen and Preferred, DCFS can seek to avoid the relitigation of an issue which was resolved against Preferred in that action.

The essential elements of collateral estoppel in the Commonwealth are:

(1) identity of issues;

(2) a final decision or judgment on the merits;

(3) a necessary issue with the estopped party given a full and fair opportunity to litigate; [and]

(4) a prior losing litigant.

*Moore v. Commonwealth*, 954 S.W.2d 317, 319 (Ky. 1997).

In this action, Preferred claims that DCFS committed fraud and breached its contract with Preferred by failing to disclose certain defects in the automobile. Central to that claim, Preferred avers

-11-

that it knew nothing of those defects, alleging that "[i]f the damages . . . were known or made known to [Preferred] by Defendants, Plaintiff Preferred never would have purchased the 1998 Mercedes and never would have offered it for sale to any member of the public." [Complaint at ¶ 16.] In the Jefferson Circuit Court, Allen's Amended Complaint alleged that Preferred "knew or reasonably should have known that the automobile had sustained significant damage prior to its selling of same to Plaintiff, and made willful and/or reckless misrepresentations and omissions upon which Plaintiff relied for the purpose of ensuring said automobile to Plaintiff."[5]

Thus, the issue of whether Preferred had knowledge of the automobile's damage prior to the sale to Allen has already been raised, litigated, and necessarily decided before the Jefferson Circuit Court, because in finding for Allen and against Preferred, the jury had to decide that Preferred had known and purposefully

---

[5] Indeed the jury instructions provided that the jury was to find for Charles Allen if it determined "by clear and convincing evidence that [Preferred] made an intentional misrepresentation, deceit or concealment of a material fact . . . that was known to [Preferred] . . . ." The jury was instructed that it could award punitive damages to Allen if it was "further satisfied from the evidence that [Preferred] acted with fraud," which was defined as "an intentional misrepresentation, deceit or concealment of a material fact known to [Preferred] and made with the intention of causing injury to Charles Allen." It is clear that the jury found by clear and convincing evidence and was further "satisfied from the evidence" that Preferred had knowledge of the automobile's condition and intentionally misrepresented or concealed the automobile's true condition in order to induce Allen to purchase it.

withheld knowledge of those defects from Charles Allen. As there is an identity of issues, Preferred's knowledge of any defects has already been litigated before a jury, that determination was necessary and essential to the jury's finding, and Preferred was the losing litigant in that determination. Considering how crucial Preferred's knowledge was to the jury's determination in that case, Preferred had a full and fair opportunity to litigate this issue before the Jefferson Circuit Court.[6]

Accordingly, Plaintiff is estopped from arguing that it lacked knowledge of the automobile's defects prior to selling the vehicle to Allen. As such, its claims for fraud and breach of contract against DCFS, both of which would require a finding that Plaintiff lacked knowledge of the defects, must fail.[7]

## IV. CONCLUSION

For all of the reasons stated above, Defendants MSC and DCFS'

---

[6] "In making that determination there is less basis for finding that the party did have such an opportunity, where he was a defendant in the former action, than where he was the plaintiff." *Sedley v. City of West Buechel*, 461 S.W.2d 556, 559 (Ky. 1970). This might be true on a case with different facts than those presented here. Considering how crucial the issue of Preferred's knowledge was to the claims before the jury in the Jefferson Circuit Court, the Court cannot conclude that Preferred had any less an opportunity to fully litigate the issue of its knowledge as a defendant in that matter than it would have had as a plaintiff. Certainly, Preferred has not suggested otherwise.

[7] Collateral estoppel may preclude previously litigated issues regardless of a pending appeal. *May v. Oldfield*, 698 F.Supp. 124, 127 (E.D. Ky. 1988) ("[T]he pendency of an appeal does not destroy the finality of a judgment for the purpose of applying the doctrine of collateral estoppel.")

-13-

Motions to Dismiss shall be granted, and Plaintiffs' claims against them shall be dismissed.

Accordingly, **IT IS ORDERED**:

(1) that the Motion to Dismiss of Defendant Manheim Services Corporation, Inc. [Record No. 3], shall be, and the same hereby is, **GRANTED;**

(2) that the Motion to Dismiss of Defendant DCFS USA, LLC [Record No. 13], shall be, and the same hereby is, **GRANTED;** and

(3) that Plaintiff's claims against Defendants Manheim Services Corporation, Inc., and DCFS USA, LLC, shall be, and the same hereby are, **DISMISSED WITH PREJUDICE**.

This the 4th day of June, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge